JAMES C. EVANS AND WIFE, ALICE B. EVANS, AND T. R. LAWING REALTY, INC., PLAINTIFF-APPELLEES v. DOROTHY ROSE, DEFEND-ANT-APPELLANT

No. 7126DC424

(Filed 4 August 1971)

Ejectment § 1; Landlord and Tenant § 13— summary ejectment — retaliation for airing grievances of tenants

Allegations by a tenant that the landlords' efforts to eject her from her apartment are in retaliation for her conduct in airing grievances of several other tenants constitute no defense to the landlords' action in summary ejectment to remove the tenant from the apartment, and were properly stricken by the court.

APPEAL by defendant from *Stukes, District Judge,* 1 February 1971 Session of District Court held in MECKLENBURG County.

Plaintiffs instituted an action in summary ejectment to move defendant from an apartment owned by plaintiffs. Defendant admits that she is a week-to-week tenant of plaintiffs, that plaintiffs have demanded possession of the premises, and that she has refused to surrender same. Defendant alleges, under what she entitled "first affirmative defense," "second affirmative defense," and "third and final affirmative defense," in effect that plaintiffs' effort to eject her is in retaliation for her conduct in airing grievances of several of plaintiffs' tenants.

Upon plaintiffs' motion the trial judge entered an order effectively striking all of defendant's first, second, and third affirmative defenses upon the grounds that they were irrelevant because if "found and considered to be true, the same would be insufficient in law to establish any affirmative defense to plaintiffs' complaint." The trial judge further rendered judgment for plaintiffs upon the pleadings under G.S. 1A-1, Rule 12(c).

*No appearance for plaintiffs.*

*Legal Aid Society of Mecklenburg County, by Gail F. Barber and James A. Long IV for the defendant.*

BROCK, Judge.

The only question presented to this Court is whether the trial judge erred in striking from the answer defendant's "affirmative defenses." The questions argued by defendant are succinctly stated in defendant's brief as follows:

"The lower court erred in striking those portions of defendant's answer which alleged that plaintiff sought to evict defendant solely in retaliation for defendant's exercise of constitutionally protected rights

"A. The requirements of the Fourteenth Amendment to the United States Constitution must be observed when the parties to an action assert conflicting claims of right and the conflict is resolved by a state court according to state law. Consequently, the competing private rights of the plaintiff and defendant must be determined by the balancing of interests requirements of the Fourteenth Amendment to the United States Constitution

"B. In an action in summary ejectment, the allegation of a retaliatory motive on the part of a landlord against the tenant for the exercise of constitutional rights by the tenant, if proved, constitutes an affirmative defense to the action where the retaliatory motive was the primary reason for the institution of the action"

We hold that the trial judge was correct in striking the defendant's "affirmative defenses" as being irrelevant to the landlords' right to recover possession of their property.

Affirmed.

Judges VAUGHN and GRAHAM concur.